Daniel Graham, Bar No. 11506
DGraham@perkinscoie.com
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, Colorado 80202-5255
Telephone:  +1.303.291.2300
Facsimile:   +1.303.291.2400

Thomas L. Holt (*pro hac vice* application forthcoming)
THolt@perkinscoie.com
Perkins Coie LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606-1511
Telephone:  +1.312.324.8400
Facsimile:   +1.312.324.9400

Caleb Bacos (*pro hac vice* application forthcoming)
CBacos@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone:  +1.206.359.8000
Facsimile:   +1.206.359.9000

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DECKIEZ, LLC,<br><br>     *Plaintiff,*<br><br>  v.<br><br>LYVWEL, LLC, and<br>KISTNER HOLDINGS LLC<br><br>     *Defendants.* | Case No. 1:24-cv-603<br><br>**COMPLAINT FOR**<br><br> **(1) FEDERAL FALSE DESIGNATION OF ORIGIN;**<br><br> **(2) IDAHO COMMON LAW TRADEMARK INFRINGEMENT;**<br><br> **(3) VIOLATION OF IDAHO CODE § 48-601, *et seq.*;**<br><br> **(4) IDAHO COMMON LAW UNFAIR COMPETITION** |

COMPLAINT - 1

Plaintiff Deckiez, LLC ("Plaintiff" or "Deckiez"), by and through its undersigned attorneys, for its Complaint against Defendants LyvWel LLC ("LyvWel") and Kistner Holdings LLC ("Kistner") (collectively "Defendants") hereby alleges and avers as follows:

### INTRODUCTION

1.      Deckiez brings this action against Defendants to protect its valuable trademark rights.  Since 2023, Deckiez has marketed, and sold a variety of caffeine and vitamin pouch products that are designed to provide a quick, convenient, and clean way to stay energized, while also serving as an alternative to nicotine pouches.  These products have been continuously and exclusively provided under Deckiez' DECKIEZ trademark.

2.      Deckiez' efforts have resulted in significant sales across the United States under the DECKIEZ trademark, generating substantial revenue and thousands of satisfied customers.

3.      Defendants have tried to ride the coattails of Deckiez' success by offering directly competing caffeine pouch products under marks—including DECKYS, ENERGY DECKYS, ENERGYDECKYS and HYPERDECKYS—that are confusingly similar to Deckiez' own DECKIEZ mark.

4.      While Deckiez sought to address Defendants' infringement amicably, Defendants have refused to cease their conduct.  Deckiez now brings this lawsuit to hold Defendants responsible for their infringement, and requests all appropriate relief, including but not limited to injunctive and monetary relief, damages, and attorneys' fees.

### PARTIES

5.      Deckiez is an Idaho limited liability company with its principal place of business in the United States at 6700 N Linder Road, Suite 156 #471, Meridian, Idaho 83646.  Deckiez is registered to do business in the State of Idaho, with its registered agent and key personnel located at the same address.

6.      On information and belief, LyvWel LLC is a Florida limited liability company with its principal place of business at 801 S Miami Ave, Suite 2203, Miami, Florida 33130.

COMPLAINT - 2

7.      On information and belief, Kistner Holdings LLC is a Missouri limited liability company with its principal place of 1224 East Walnut Street, Apt 402, Columbia, Missouri 65201.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of Plaintiff's federal claims under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121 because these claims arise under the Lanham Act, 15 U.S.C. § 1125(a).  This Court has supplemental jurisdiction over Plaintiff's related Idaho state law claims under 28 U.S.C. § 1367(a).

9.      Personal jurisdiction over Defendants is proper in this Court because, on information and belief, Defendants transact substantial business in this District.  Defendants sell products within this District, and they engage in infringing conduct to do so.  On information and belief, Defendants have purposefully directed their infringing activities to this District, and they have purposefully availed themselves of the laws of the State of Idaho.

10.      Personal jurisdiction over Defendants is also proper in this Court because, on information and belief, Defendants knew of Deckiez' ownership of the DECKIEZ trademark, knew that Deckiez was registered to do business in and has its principal United States offices in this District, and have engaged in and continue to engage in trademark infringement and false designation of origin directly against Deckiez.  Defendants knew and intended that the brunt of the harm to Deckiez' reputation from its willful infringement would be felt in this District.

11.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District and has harmed Deckiez in this District.

## FACTS AND BACKGROUND

**Deckiez, Its Business, and Its Trademark**

12.      Since 2023, Deckiez has provided vitamin-infused caffeine pouch products. Deckiez' products are available nationwide via its website, www.deckiez.com, on www.amazon.com, and in retail locations across Idaho.

COMPLAINT - 3

13.     Deckiez' products were created to provide a quick, convenient, and clean way to stay energized, while also serving as an alternative to nicotine pouches.

14.     Since at least as early as 2023, Deckiez has adopted and used the DECKIEZ mark in commerce in the United States in connection with the manufacture, marketing, promotion, and sale of its assorted caffeine pouch products (collectively, the "Deckiez Products").

15.     Through Deckiez' extensive efforts, including substantial promotion, advertising, and content creation, consumers came to identify—and continue to identify—the DECKIEZ mark with the Deckiez Products.

16.     As a result of Deckiez' continuous, extensive, and exclusive use, the DECKIEZ brand has achieved widespread recognition, and Deckiez owns valid and subsisting common law rights in the DECKIEZ mark (the "DECKIEZ Mark").

17.     Deckiez has spent substantial time, money, and resources marketing, advertising, and promoting the Deckiez Products sold under the DECKIEZ Mark, including through third-party media outlets, social media, targeted online advertisements, search engine keywords, and e-commerce websites.

18.     Deckiez' sales under the DECKIEZ Mark have been substantial.  Since it began using the DECKIEZ Mark in 2023, Deckiez has sold thousands of units of the Deckiez Products under the DECKIEZ Mark, generating significant revenue.

19.     Deckiez markets and sells the Deckiez Products primarily through its website, www.deckiez.com, its Amazon.com storefront, and in various physical retail locations.

20.     As a result of Deckiez' expenditures and efforts, consumers widely recognize Deckiez Products offered under the DECKIEZ Mark for their high quality.

**Defendant's Unlawful Activities**

21.     Defendants are also in the business of offering caffeine pouch products.

22.     LyvWel has engaged in a pattern of bad faith behavior designed to copy Deckiez' business and capitalize on the goodwill established by Deckiez in the DECKIEZ Mark.

23.     Without Deckiez' authorization and beginning after Deckiez acquired protectable

COMPLAINT - 4

trademark rights in the DECKIEZ Mark, LyvWel adopted and used marks confusingly similar to the DECKIEZ Mark in United States commerce, including DECKYS, ENERGY DECKYS, ENERGYDECKYS and HYPERDECKYS (collectively, the "Infringing Marks"). LyvWel has used the Infringing Marks in connection with the manufacturing, advertising, promotion, and sale of caffeine pouch products—the same type of goods offered by Deckiez—in an attempt to improperly trade on the goodwill that Deckiez worked hard to establish and maintain.

24.     LyvWel also uses the Infringing Marks through identical or overlapping channels of trade as Deckiez. In particular, LyvWel uses the Infringing Marks on its websites, www.EnergyDeckys.com and www.LyvWel.com, as well as Amazon.com and other e-commerce platforms.

25.     For example, LyvWel's product listing on www.EnergyDeckys.com excerpted below repeatedly uses marks confusingly similar to the DECKIEZ Mark:

///

///

///

COMPLAINT - 5



26.     On information and belief, Lyvwel has also contracted with Kistner to market and promote goods under the Infringing Marks through social media and other online advertising methods.

27.     For example, Defendants offer goods under the Infringing Marks on TikTok, including through multiple storefronts and products listings like the ones depicted below, as well as through advertising and other promotional efforts involving third party affiliates on the platform.

COMPLAINT - 6



28.     Deckiez has communicated with Defendants, notifying them that the Infringing Marks are highly similar to the DECKIEZ Mark, and that their use in connection with directly competing offerings, through similar channels of trade, infringes on Deckiez' rights in the DECKIEZ Mark.

29.     In addition to requesting that Defendants cease using the Infringing Marks, Deckiez has also requested that TikTok remove certain of Defendants' product listings that used the Infringing Marks.

30.     Defendants have refused to comply with Deckiez' requests, and Defendants' infringement persists.  Defendants continue to use the Infringing Marks on websites, social media, and e-commerce platforms.

COMPLAINT - 7

31.     Defendants' infringing actions have caused and are likely to continue to cause confusion, mistake, and deception among consumers as to the source or origin of Defendants' caffeine pouch products.  Defendants' actions also have and are likely to continue deceiving consumers into mistakenly believing that Defendants' offerings originate from, are affiliated with, or are otherwise authorized by Deckiez.

32.     Upon information and belief, Defendants' infringement is willful and with the deliberate intent to trade on the goodwill of the DECKIEZ Mark, cause confusion in the relevant marketplace, and divert potential sales of Deckiez Products to Defendants.

**FIRST CAUSE OF ACTION**
**False Designation of Origin and Unfair Competition**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

33.     Deckiez repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

34.     Deckiez owns and uses the DECKIEZ Mark in interstate commerce in connection with its sale of the Deckiez Products.  The DECKIEZ Mark is inherently distinctive and/or has acquired secondary meaning as a designation of source for the Deckiez Products.

35.     Defendants use the Infringing Marks in interstate commerce in connection with the promotion and sale of their own caffeine pouch products.  Defendants' Infringing Marks are confusingly similar to the DECKIEZ Mark and Deckiez' trade name.  Defendants' promotion, advertising, and offering of its goods in connection with the Infringing Marks is therefore likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association between Defendants and Deckiez, and is likely to cause members of the public to incorrectly believe that Defendants' goods are sourced from, provided, endorsed, approved, or sponsored by Deckiez, when that is not the case.

36.     Defendants' use of the Infringing Marks therefore constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT - 8

37.    Defendants' use of marks confusingly similar to the DECKIEZ Mark and Deckiez trade name, without Deckiez' consent, has caused and is likely to continue to cause irreparable injury to Deckiez' reputation, as well as the goodwill developed by Deckiez in its brand.  The extent of this harm cannot be ascertained at this time, leaving Deckiez without any adequate remedy at law.

38.    By reason of the foregoing, Deckiez is entitled to injunctive relief against Defendants, restraining Defendants from further acts of false designation and unfair competition, and, after trial, recovery of any damages proven to have been caused by reason of Defendants' wrongful acts.

39.    On information and belief, Defendants' use of the Infringing Marks is with knowledge and in willful disregard of Deckiez' trademark rights.  Defendants' bad faith is evidenced at least by the inherent similarities between the Infringing Marks and the DECKIEZ Mark, Defendants' knowledge of Deckiez, Defendants' deliberate and continuing expansion of its use of the Infringing Marks, and Defendants' refusal to discontinue their infringing conduct even after Deckiez alerted Defendants to its trademark rights.

40.    Because of the willful nature of Defendants' wrongful acts, Deckiez is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

41.    Pursuant to 15 U.S.C. § 1117, Deckiez is also entitled to recover its costs and attorneys' fees because this is an exceptional case.

## SECOND CAUSE OF ACTION
### Idaho Common Law Trademark Infringement

42.    Deckiez repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

43.    Deckiez owns valid and existing rights in the DECKIEZ Mark, which has been used in commerce in the United States since before Defendants used the Infringing Marks in commerce in the United States.

44.    Defendants' use of the Infringing Marks is likely to cause consumer confusion or

deception, causing harm to Deckiez and to consumers.  Specifically, Defendants' use of the

Infringing Marks is likely to cause consumers to incorrectly believe that Defendants' offerings

originate from, or have been authorized, sponsored, approved, or endorsed by Deckiez, or that

Defendants' business is otherwise connected to, sponsored by, or affiliated with Deckiez in some

way, when that is not the case.

45.     As a direct and proximate result of Defendants' wrongful acts, Deckiez has

suffered and continues to suffer irreparable injury to its reputation, as well as the goodwill

developed by Deckiez in the DECKIEZ Mark.  The extent of this harm cannot be ascertained at

this time, leaving Deckiez without any adequate remedy at law.

46.     Defendants' use of the Infringing Marks therefore constitutes trademark

infringement pursuant to the common law of the State of Idaho.

### THIRD CAUSE OF ACTION
#### Violation of Idaho Code § 48-601, *et seq.*

47.     Deckiez repeats, realleges, and incorporates herein by reference the allegations in

the foregoing paragraphs as if fully set forth herein.

48.     The acts and conduct of Defendants are likely to cause confusion and mistake

among customers and the public as to the origin or association of Defendants' products.  The acts

and conduct of Defendants are likely to lead the public to conclude, incorrectly, that the

infringing goods distributed, solicited for distribution, offered, advertised, and marketed by

Defendants originate with, are sponsored by, or are authorized by Deckiez, to the damage and

harm of Deckiez and the public at large.

49.     The acts and conduct of Defendants as alleged above in this Complaint violate

Idaho Code § 48-601, *et seq.*

50.     As a direct and proximate result of Defendants' wrongful acts, Deckiez has

suffered and continues to suffer irreparable injury to its reputation, as well as the goodwill

developed by Deckiez in the DECKIEZ Mark.  The extent of this harm cannot be ascertained at

this time, leaving Deckiez without any adequate remedy at law.

COMPLAINT - 10

### FOURTH CAUSE OF ACTION
### Idaho Common Law Unfair Competition

51.     Deckiez repeats, realleges, and incorporates herein by reference the allegations in the foregoing paragraphs as if fully set forth herein.

52.     Deckiez owns valid and existing rights in the DECKIEZ Mark, which has been used in commerce in the United States since before Defendants used the Infringing Marks in commerce in the United States.

53.     Defendants' use of the Infringing Marks is likely to cause consumer confusion or deception, causing harm to Deckiez and to consumers.  Specifically, Defendants' use of the Infringing Marks is likely to cause consumers to incorrectly believe that Defendants' offerings originate from, or have been authorized, sponsored, approved, or endorsed by Deckiez, or that Defendants' business is otherwise connected to, sponsored by, or affiliated with Deckiez in some way, when that is not the case.

54.     As a direct and proximate result of Defendants' wrongful acts, Deckiez has suffered and continues to suffer irreparable injury to its reputation, as well as the goodwill developed by Deckiez in the DECKIEZ Mark.  The extent of this harm cannot be ascertained at this time, leaving Deckiez without any adequate remedy at law.

55.     Defendants' use of the Infringing Marks as alleged above constitutes unfair competition pursuant to the common law of the State of Idaho.

### PRAYER FOR RELIEF

WHEREFORE, Deckiez requests that this Court:

A.      Enter a judgment that Defendants are liable to Deckiez for trademark infringement and false designation of origin under 15 U.S.C. §§ 1114(1) and 1125(a);

B.      Enter a preliminary and permanent injunction enjoining Defendants and their agents, representations, employees, assigns, and all persons acting in concert or privity with it, from maintaining, disseminating, reproducing, promoting, distributing, or otherwise using the Infringing Marks or any marks confusingly similar thereto, as all or part of any mark, product,

COMPLAINT - 11

product packaging, configuration, or design;

      C.      Enter a preliminary and permanent injunction enjoining Defendants and their agents, representatives, employees, assigns, and all persons acting in concert or privity with them, from doing any act or thing likely to induce the mistaken belief that Defendants' goods are in any way affiliated, connected, or associated with Deckiez or its goods, or from doing any other act or thing likely to cause confusion with respect to the DECKIEZ Mark;

      D.      Enter a judgment that Defendants' trademark infringement and false designation of origin have been willful;

      E.      Order Defendants to deliver to Deckiez or to the Court for destruction all materials bearing the Infringing Marks or colorable imitations of the DECKIEZ Mark;

      F.      Order Defendants to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction;

      G.      Order Defendants to pay Deckiez any damages attributable to Defendants' infringement and false designation of origin and to account for all gains, profits, and advantages derived therefrom and such damages authorized by law, including under 15 U.S.C. § 1117;

      H.      Enter an order awarding Deckiez its actual damages and/or Defendants' profits, trebled pursuant to 15 U.S.C. § 1117(b);

      I.      Order Defendants to pay Deckiez its attorneys' fees pursuant to 15 U.S.C. § 1117;

      J.      Enter a judgment that Defendants' acts constitute trademark infringement and unfair competition under the Lanham Act and the common law of the State of Idaho;

      K.      Enter a preliminary and permanent injunction enjoining Defendants and their agents, representatives, employees, assigns, and all persons acting in concert or privity with them, from engaging in conduct that constitutes trademark infringement or unfair competition under the common law of the State of Idaho;

      L.      Award Deckiez its costs, pre-judgment interest, and post-judgement interest; and

      M.      Award Deckiez such other relief as the Court deems just and proper.

COMPLAINT - 12

**DEMAND FOR JURY TRIAL**

Plaintiff Deckiez LLC demands a jury trial for all issues so triable.


DATED:  December 13, 2024.                    **PERKINS COIE LLP**


By:*/s/ Daniel Graham*
    Daniel Graham, Bar No. 11506
    DGraham@perkinscoie.com
    1900 Sixteenth Street, Suite 1400
    Denver, Colorado 80202-5255
    Telephone:  +1.303.291.2300

    Thomas L. Holt (*pro hac vice* application forthcoming)
    THolt@perkinscoie.com
    110 North Wacker Drive, Suite 3400
    Chicago, Illinois 60606-1511
    Telephone:  +1.312.324.8400

    Caleb Bacos (*pro hac vice* application forthcoming)
    CBacos@perkinscoie.com
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone:  +1.206.359.8000

COMPLAINT - 13